UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:03-cr-230 |
| ) | |
| v. ) | |
| ) | |
| MELVIN LEROY HARRIS, JR., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

Defendant is serving a sentence of 33 months' imprisonment, followed by three years of supervised release, imposed by former District Judge David W. McKeague on October 6, 2005, after defendant entered a plea of guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). At the same time, defendant was sentenced on his plea-based convictions for wilful failure to file a federal income tax return, 26 U.S.C. § 7203, and intimidating and impeding an Internal Revenue Service employee, 26 U.S.C. § 7212(a), to 12-month and 33-month sentences, all to be served concurrently. Defendant did not take an appeal from any of these convictions or sentences.[1]

Presently pending before the court is defendant's "Motion to Review Sentence Under 18 USC § 3742." (docket # 43). To the extent that it is intelligible, defendant's motion appears to argue that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), somehow

---

[1] The undersigned judge, as the only active district judge remaining on this court, has assumed responsibility for Judge McKeague's former criminal docket.

abrogated supervised release.  This court is not, however, required at this juncture to address this apparently frivolous argument, as defendant has chosen the wrong vehicle by which to seek collateral relief from his conviction.  Defendant purports to bring his motion to review sentence under 18 U.S.C. § 3742, which plainly invests the Court of Appeals with authority to review district court sentences.  Section 3742 does not provide a vehicle for the district court to entertain a collateral attack.  Rather, the ordinary means of challenging a federal criminal sentence is by motion under 28 U.S.C. § 2255.  The Supreme Court has directed district courts not to "convert" or "recharacterize" motions for post-conviction relief made under some statute into section 2255 motions, lest a criminal defendant use up his one and only opportunity for section 2255 relief.  *See Castro v. United States*, 540 U.S. 375, 382-84 (2003); *accord In re Sheldon*, 295 F.3d 620 (6th Cir. 2002).  In such circumstances, the appropriate disposition is to dismiss the improper motion, without prejudice to a defendant's ability to seek relief under section 2255.

An order will therefore enter dismissing defendant's motion for review of sentence under 18 U.S.C. § 3742, on the ground that section 3742 does not invest this court with authority to entertain a collateral attack against a final criminal judgment.


Date:   February 1, 2006                  /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT  JUDGE